# BELKNAP,

## JANUARY TERM, A. D. 1847.

---

### SMITH *v.* MUDGETT.

A promise, made by one to perform a duty which another had, for good consideration, previously undertaken, will not, without proof of further consideration, support an action.

A declaration in general assumpsit for "ironing a wagon," is not supported by evidence that the defendant had promised to do such work for the plaintiff, and had failed to do so.

ASSUMPSIT, upon an account annexed. There was also a general count for money had and received, money paid, goods sold, and labor done.

The account annexed to the writ, which was also the specification under the general count, was as follows:

"JOHN MUDGETT to DANIEL G. SMITH, *Dr.*
1843, Sept.　　To ironing one gig wagon,　　$25.00
　　　　　　　　interest on same,　　　　　 1.50
　　　　　　　　　　　　　　　　　　　　　 ————
　　　　　　　　　　　　　　　　　　　　　 $26.50."

The plaintiff proved that in July, 1843, he sold a horse to one John Wesley Mudgett, a son of the defendant, and that in part payment the purchaser agreed to iron a wagon for the plaintiff. He soon afterwards sent the wagon to be ironed, to the shop occupied by the defendant and John Wesley Mudgett, but before it was all delivered there the latter had removed from the town. The defendant, however, said that he had agreed to iron the wagon for his son, and would do so, but never did.

The horse which the son received of the plaintiff was exchanged by him for another, which came into the possession of the defendant.

A verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the question whether the action can be maintained upon the evidence.

*Lovell,* for the defendant.

*Stevens,* for the plaintiff.

GILCHRIST, J. This is an action of general *indebitatus assumpsit,* for "ironing a gig wagon;" and the evidence shows that John Wesley Mudgett bought a horse of the plaintiff, and promised to pay him for it by ironing the gig wagon; that the plaintiff delivered at the shop occupied by John Wesley and the defendant the wagon that the former had agreed to iron, and that the defendant promised to iron it in payment of John Wesley's debt or undertaking.

It is impossible to maintain this action upon such evidence. There was, as between these two parties, no consideration whatever for the promise that the defendant seems to have made. The plaintiff was not induced to part with the property which he sold to John Wesley, by any undertaking of the defendant to pay for it, by ironing the wagon or otherwise; and there is no proof whatever of any consideration, moving from John Wesley, which could have sustained the defendant's promise, so as to have made it the source of an action in favor of this plaintiff. The promise of the defendant was merely voluntary, and no action lies to enforce it.

The form of the declaration, moreover, does not correspond with the case. It seems to be for the plaintiff's work in ironing a wagon, instead of an action for damages for the defendant's non-performance of an undertaking to do such a work.

The verdict must be set aside, and a

*New trial granted.*